**Shirley E. BRODER**

v.

**PERPETUAL AMERICAN BANK, F.S.B.**

**Misc. No. 84–0615.**

United States District Court, E.D. Pennsylvania.

Feb. 26, 1985.

William F. Causey, Washington, D.C., and Kenneth G. Roth, Merrifield, Va., for plaintiff.

Richard N. Appel, Washington, D.C., for defendant.

### MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

Presently before the court is the motion of defendant, The Perpetual American

Bank, F.S.B., through its attorneys, pursuant to F.R.C.P. 11 and, in the alternative, F.R.C.P. 26(c) and 37(a)(4), to require plaintiff, Shirley E. Broder, to pay attorneys' fees incurred by the defendant in defending plaintiff's motion for a protective order excluding one of defendant's executives at the deposition of a non-party witness.

On the morning of August 29, 1984, the attorneys for both plaintiff and defendant travelled to Philadelphia to attend the deposition of Elizabeth Dow, an alleged important witness in plaintiff's sex-based employment discrimination case against defendant filed in the United States District Court for the Northern District of Virginia. Accompanying defendant's counsel was one William Craig, defendant's Senior Vice-President for Human ˌResources, and the subject of much discussion among both counsel and Elizabeth Dow during the few days prior to the deposition, when both Elizabeth Dow and plaintiff's counsel voiced objections to William Craig's presence at the deposition. [Defendant's Brief in Support of Its Motion for Attorneys' Fees 2–4]. The deposition began with Mr. Craig in attendance. Plaintiff's counsel immediately objected to his presence, producing a prepared memorandum of law to support the objection. "Obviously [defendant's counsel had] not had an opportunity to prepare a written response to the motion." [Remark of Mr. Appel, counsel for defendant, at deposition of Elizabeth Dow at 6]. At 10:27 a.m., the deposition was adjourned and both counsel proceeded directly to the U.S. Courthouse in Philadelphia where plaintiff's counsel filed a motion for protective order and argued that Elizabeth Dow, who was then eight months pregnant, would be intimidated by Craig's presence. At the urging of the court, the parties reached a compromise whereby Craig would be able to listen to the deposition and communicate with defendant's counsel but would not be present in the room where the deposition was being held. The parties returned to the deposition location at 12:20 p.m. when Elizabeth Dow indicated that "she no longer objected to the presence in the room of Mr. Craig." [Dep-

osition of Elizabeth Dow at 9]. The deposition then commenced with Mr. Craig in attendance.

■ Defendant now ˙seeks attorneys' fees incurred in defending plaintiff's motion for a protective order, arguing the motion to have been "patently frivolous." Defendant alleges that 10.5 hours were spent preparing the defense of the motion and 6.5 hours were spent preparing the motion for attorneys' fees which is presently before the court. [Defendant's Brief in Support of its Motion for Attorneys' Fees, Attachment A]. Initially, it should be noted that the court views these figures with some skepticism. Assuming, *arguendo*, that plaintiff's motion was frivolous, the worst injury that defendant can establish is a delay of two hours in commencing the deposition (between 10:27 a.m. when the deposition adjourned until 12:20 p.m. when it resumed.) As defendant concedes, it did not prepare a defense to plaintiff's motion before arriving in Philadelphia on August 29. Moreover, since the deposition was ultimately allowed to proceed with Mr. Craig in attendance, there is no reason for defendant to have prepared a defense to the motion after the deposition. Although the court is troubled by these inconsistencies, it will not be necessary to resolve them. It appearing that plaintiff's counsel was acting in good faith and with substantial legal basis when he made his motion, defendant's motion for attorneys' fees is denied.

Fed.R.Civ.P. 11, on which defendant principally relies, provides, in pertinent part:

Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in his individual name . . . . . The signature of an attorney or party constitutes a certificate by him that he has read the pleading, motion, or other ˌpaper; that to the best of his knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension,

modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.

In filing and signing the motion for a protective order under Fed.R.Civ.P. 26(c), plaintiff's counsel met all of the requirements of Rule 11. There was a good faith belief that the deponent, eight months pregnant, would be intimidated by Craig's presence and that the motion rested on a substantial legal basis.[1] Moreover, it does not appear that plaintiff sought to needlessly delay the proceeding.[2] Therefore, the court will not impose sanctions for a violation of Rule 11.

■ In the alternative, defendant seeks an award of costs and attorneys' fees under Fed.R.Civ.P. 37(a)(4) which requires the court to order payment of expenses, including attorneys' fees, by the party or deponent whose conduct necessitates the granting of a Rule 37(a) motion. In general, Fed.R.Civ.P. 37 allows a party to apply for an order compelling discovery when that party's discovery requests under Rules 30, 31, 33 or 34 have not been answered. Rule 37(a)(4) is not a general attorneys' fees awards for violations of the Federal Rules of Civil Procedure. It provides a reimbursement of expenses incurred specifically in compelling discovery under Rule 37(a). Since defendant did not make a Rule 37(a) motion it cannot recover expenses under Rule 37(a)(4). Furthermore, even if we do consider defendant to have implicitly made a Rule 37(a) motion for an order compelling discovery when it appeared before this court on August 29, 1984, expenses will be awarded only if the motion is granted. Fed.R.Civ.P. 37(a)(4). The court did not issue an order compelling discovery on that day. Indeed, since the agreement between the parties was to exclude Craig from the room in which the deposition was to be conducted, plaintiff's counsel left the courthouse after achieving his primary objective. Therefore, defendant has not made out the requirements for an award of attorneys' fees under Fed.R.Civ.P. 37(a)(4).

---

1. Fed.R.Civ.P. 26(c) specifically provides:
   Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending or alternatively, on matters relating to a deposition, the court in the district where the deposition is to be taken may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

(5) that discovery be conducted with no one present except persons designated by the court.

2. Plaintiff believed that a second person representing defendant was waiting nearby in case he should be needed. [Deposition of Elizabeth Dow at 5].