833 F.2d 1013
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ceola Hamlin MONTGOMERY, Roxie A. Bonner, Hamlin Swift, Plaintiffs,
G. Anderson Montgomery, Attorney-Appellant,
v.
JENNER & BLOCK, an Illinois Partnership of Attorneys,
Richard L. Clayter, Anne L. Fredd, Earl Neal,
Defendants-Appellees,
Lawrence Thomas, a/k/a Willie P. Thomas, Defendant.
 No. 87-1024.
 United States Court of Appeals, Sixth Circuit.
 Nov. 16, 1987.
 
 Before MERRITT and ALAN E. NORRIS, Circuit Judges and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Appellant seeks review of an order of the district court which imposed sanctions against him pursuant to Fed.R.Civ.P. 11. Appellant now moves for leave to proceed in forma pauperis on appeal. Upon consideration of the record and the briefs submitted by the parties, the panel agrees unanimously that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Appellant, acting as retained counsel, filed a civil action against appellees in the district court for the Eastern District of Michigan. By order entered May 29, 1986, however, the court dismissed the action due to its lack of personal and subject matter jurisdiction and venue and also directed the institution of proceedings aimed at the imposition of sanctions against appellant pursuant to Fed.R.Civ.P. 11. As a result of those proceedings, in which appellant failed to make a significant appearance, the district court ordered that he pay appellees a total of $15,384.21 in recognition of costs and other expenses incurred by them in their defense of the action in which appellant had acted as counsel.
 
 
 3
 Fed.R.Civ.P. 11 authorizes the imposition of sanctions against an attorney who has signed a pleading or other filing with the court when that action either was motivated by an improper purpose such as delay or a reasonable inquiry would have disclosed that the action was not well grounded in law or fact. Good faith is not sufficient to avoid liability under that rule, a violation of which has been committed if the district court validly concludes that the attorney's conduct was unreasonable under the circumstances. Finally, once the district court has determined that a violation of Fed.R.Civ.P. 11 has occurred, the imposition of sanctions is mandatory, with the precise nature and extent of those measures being left to the sound discretion of the district court. INVST Financial Group v. Chem-Nuclear Systems, 815 F.2d 391, 401 (6th Cir.1987); Albright v. Upjohn Company, 788 F.2d 1217, 1221-22 (6th Cir.1986); Westmoreland v. CBS, Inc., 770 F.2d 1168, 1173-75 (D.C.Cir.1985). Examination of the record in this case in light of those principles indicates that the district court did not err either in determining that appellant was in fact in violation of Fed.R.Civ.P. 11 or in setting the exact amount of the sanctions imposed against him.
 
 
 4
 Accordingly, the motion for leave to proceed in forma pauperis is hereby granted and the district court's final judgment entered November 20, 1986, is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.