861 F.2d 303
 274 U.S.App.D.C. 70
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Harvey BARLOW, Appellant,
v.
Bobby T. McLEOD, et al.
 No. 87-7173.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 4, 1988.
 
 Before RUTH B. GINSBURG, SILBERMAN and D.H. GINSBURG, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This appeal from orders imposing and confirming a Rule 11 sanction was considered on the record from the United States District Court for the District of Columbia. Counsel filed briefs and presented oral argument. We are satisfied that disposition of the appeal does not warrant a published opinion. See D.C.Cir.R. 14(c).
 
 
 2
 The district court rationally determined that plaintiff's counsel litigated on despite ever clearer signals that the claims against Lieberman were unsupported in fact and unwarranted in law. That court fully "tasted the flavor of the litigation" and acted within the bounds of its wide discretion. See Westmoreland v. CBS, Inc., 770 F.2d 1168, 1174 (D.C.Cir.1985).
 
 
 3
 In presenting the appeal, plaintiff's counsel consistently disregarded the Federal Rules of Appellate Procedure and this court's General Rules. The opening brief was filed late, and only on order of the court, dated August 26, 1988, warning counsel that sanctions may be imposed "on any party or attorney failing to comply with the local rules." When the opening brief was presented for filing, it lacked the certificate required by D.C.Cir.R. 11(a)(1). No appendix was ever filed despite the clear instructions contained in Fed.R.App.P. 30, D.C.Cir.R. 12, and D.C.Cir. Handbook of Practice and Internal Procedures 50 (1987). Nor was any motion made, or good cause otherwise shown, to dispense with appendix. See D.C.Cir.R. 12(a)(3). For these multiple lapses, a further sanction is in order. See D.C.Cir.R. 23. It is accordingly
 
 
 4
 ORDERED and ADJUDGED, substantially for the reasons stated by the district court in its December 2, 1986 and July 14, 1987 orders, that the rulings under review herein are affirmed: "plaintiff's counsel, Bernard S. Gild, Esq., shall pay defendant Lieberman, for costs and attorneys' fees [in the district court], the sum of $5,067.12, plus interest starting from [July 14, 1987]." And it is further
 
 
 5
 ORDERED and ADJUDGED, for the reasons stated herein, and pursuant to D.C.Cir.R. 23, that plaintiff's counsel Bernard S. Gild, Esq., shall pay defendant Lieberman, as a sanction for Gild's failure to comply with the rules of this court, both costs on appeal, see Fed.R.App.P. 39; D.C.Cir.R. 16, and an additional attorney's fee in the sum of $500, plus interest starting from the date of this order.
 
 
 6
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.R. 15(b)(2).