Betty KERNER, Plaintiff,

v.

CULT AWARENESS NETWORK, WASHINGTON, D.C., et al., Defendants.

No. Civ. A. No. 92–2239 (RCL).

United States District Court, District of Columbia.

Jan. 27, 1994.

Reginia Lynn Jackson, Washington, DC, for plaintiff.

Peter N. Geogiades, Wile, Georgiades, Homjak & Norkus, Pittsburg, PA, for defendants.

## MEMORANDUM OPINION

LAMBERTH, District Judge.

This case comes before this court on defendants' petition for an award of attorney's fees and costs under Title II of the 1964 Civil Rights Act (42 U.S.C. § 2000a–3(b)) and other statutory and common law grounds. Having considered the extensive pleadings and evidence of both parties, this court shall deny defendants' petition. A separate order shall issue this date.

## I. BACKGROUND

In the case underlying this attorney's fee litigation, plaintiff alleged that defendants— the Cult Awareness Network, Washington, D.C. ("CAN/DC") and its executive director, Mr. Rudolph Arkin—violated Title II of the Civil Rights Act of 1964 (42 U.S.C. § 2000a et seq.) by denying her admission to CAN/DC because she was a member of the Church of Scientology. Three other plaintiffs filed identical actions of their own with this court.[1]

Yet because none of the plaintiffs in any of the four parallel cases properly served defendants, this court dismissed each case without prejudice. (Orders of February 26, 1993,

No. 92–2239, No. 92–2240, No. 92–2241, No. 92–2242.)

## II. ANALYSIS

The issue now before this court is whether CAN/DC and Mr. Arkin, defendants in all four suits, are entitled to fees and costs incurred in this aborted action. Defendants claim fees on several alternative grounds: 42 U.S.C. § 2000a–3(b), 28 U.S.C. § 1927, Fed. R.Civ.Proc. 11, inherent judicial power, and the common law doctrine of champerty.

### A. 42 U.S.C. § 2000a–3(b)

Defendants' first argument is that they are entitled to fees and costs as victors in a Title II case. For any action filed under Title II, "the court, in its discretion, may allow the prevailing party … a reasonable attorney's fee as part of the costs." 42 U.S.C. § 2000a–3(b). However, because defendants are not a "prevailing party" for the purposes of § 2000a, they are not entitled to fees and costs under that statute. In order to claim fees as a prevailing party, defendants must show either that they have prevailed on the merits of their case,[2] or—if they never won a judgment on the merits—that they nevertheless substantially received the relief they sought and that their defense was a "catalytic, necessary, or substantial factor in attaining the relief."[3]

In the present case, defendants have been able to show neither success on the merits nor substantial victory. Defendants clearly have not won on the merits of their defense. This court never even reached the merits of their defense, having dismissed this case without prejudice on strictly procedural grounds. Nor have defendants attained substantial victory. Plaintiff's rights in this case have never been adjudicated, and she is free

---

1. The three other cases are *Mantis v. Cult Awareness Network, Washington, D.C., et al.*, No. 92–2240, 1993 WL 62176; *Jones v. Cult Awareness Network, Washington, D.C., et al.*, No. 92–2241, 1993 WL 62184; and *Hildenberger v. Cult Awareness Network, Washington, D.C., et al.*, No. 92–2242, 1993 WL 62323.

2. *See Hanrahan v. Hampton*, 446 U.S. 754, 758 n. 4, 100 S.Ct. 1987, 1989 n. 4, 64 L.Ed.2d 670 (1980) (per curiam) (approving of appellate

courts' construction of § 2000a–3(b) as "permit[ting] the award of counsel fees only to a party who has prevailed on the merits of a claim").

3. *Commissioners Court of Medina County, Texas v. United States*, 683 F.2d 435, 440 (D.C.Cir. 1982). Although *Medina County* was a Voting Rights Act case, the "prevailing party" inquiry that it establishes is the same for all cases in which there has not been a judgment on the merits. *See id.* at 440 n. 6.

to file her action again (and serve defendants properly next time). Defendants are in the same position they were before the suit was filed in the first place. They have gained nothing lasting or substantial by their defense. Because defendants can show neither substantial success nor success on the merits, defendants cannot be considered a "prevailing party," and their claim for attorney's fees and costs under § 2000a–3(b) must fail.

### B. Section 1927

■ Section 1927 of Title 28 holds attorneys liable for "excess" fees and costs if they have "multipl[ied] the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. Defendants allege that plaintiff's counsel have unreasonably and vexatiously multiplied these proceedings by filing many identical civil rights actions nationwide in which Scientologists have sought admission to the Cult Awareness Network ("CAN") or its affiliates like CAN/DC. These multiple actions were orchestrated by "attorneys working for the Church of Scientology using the plaintiff as a 'straw man.'" (Defs.' Reply, at 3.) By filing this action, plaintiff's counsel "knowingly participated in the filing of an action which they had to know was groundless and instigated for the purpose of harassing the defendants." (Petition for Award of Costs and Attorneys' Fees, at 9.) In defendants' view, "this action was a sham filed for the purpose of harassment . . . [Plaintiff's counsel] advance[d] [their] theory dozens of times, through nominal plaintiffs who are not the real parties in interest, withdrawing the complaints at preliminary stages of the cases only to re-file more of the same complaints later, as part of an organized plan to destroy a litigant." (Defs.' Reply, at 8.) Plaintiff has not disputed this allegation.

The scattershot litigation strategy of plaintiff's counsel—filing identical lawsuits nationwide and forcing defendants to defend the same action in various jurisdictions—is certainly questionable. If plaintiff's counsel in-

deed plotted this in bad faith, § 1927 sanctions might have been warranted. However, because nothing in the record indicates that plaintiff's counsel acted in bad faith in choosing a multiple-district litigation strategy, sanctions under § 1927 seem unnecessary.

### C. Fed.R.Civ.Proc. 11

■ Rule 11 of the Federal Rules of Civil Procedure empowers district courts to sanction lawyers and parties who file papers that are not "well-grounded in fact," are not "warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law," or are "interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ. Proc. 11.

Defendants argue that plaintiff's legal position is untenable and violates Rule 11. Yet plaintiff insists that when she filed this suit, her legal theory was an untested proposition in this jurisdiction, and defendants do not dispute that. Parties legitimately pressing the courts to answer open questions in the law should not be subject to Rule 11 sanctions.

Defendants's stronger charge is that plaintiff's suit, one of a battery of cases filed by plaintiff's counsel against CAN and its affiliates, is motivated by an "improper purpose."[4] However, as discussed above, nothing in the record indicates that plaintiff's counsel intended to harass or burden defendants. Because plaintiff's action is legally well-grounded and there is no evidence that it was brought for any improper purpose, Rule 11 sanctions are not warranted.

### D. Inherent Judicial Authority

■ Defendants also urge this court to use its inherent power to levy attorney's fees against a party who litigates "in bad faith, vexatiously, wantonly or for oppressive reasons."[5] However, this power is reserved for

---

**4.** Fed.R.Civ.Proc. 11. *See also Westmoreland v. CBS*, 770 F.2d 1168, 1179 (D.C.Cir.1985) ("Rule 11 is specifically designed to deter groundless litigation tactics and stem needless litigation costs to courts and counsel.").

**5.** *Nepera Chemical, Inc. v. Sea–Land Service*, 794 F.2d 688, 702 (D.C.Cir.1986) (citations omitted).

"extraordinary circumstances or [when] dominating reasons of fairness so demand,"[6] and no such circumstances are present here.

Plaintiff's counsel's litigation tactics, according to defendants, were vexatious and burdensome: Plaintiff filed a "groundless complaint," forced defendants to move to have it dismissed, and in the meantime tried to file a "a book full of hearsay as 'evidence.'" (Defs.' Petition, at 12.) Yet plaintiff appears to have brought her suit in good faith. Her complaint was not groundless, although her legal theory was untested in this jurisdiction. Forcing defendants to file a simple motion to dismiss for improper service is not vexatious or burdensome, and easily opposing the admission of hearsay is not an oppressive task. As discussed above, plaintiff's counsels' overarching litigation strategy of filing identical lawsuits in various jurisdictions may be questionable, but there is no evidence that it was done in bad faith and it does not amount to the kind of "extraordinary circumstances" that merit judicial sanction.

### E. Champerty

 Defendants also seek to hold plaintiff liable for the common law wrong of champerty. Champerty lies where there is "'a bargain to divide the proceeds of a litigation between the owner of the litigated claim and the party supporting or enforcing the litigation.'" *Design for Business Interiors, Inc. v. Herson's, Inc.,* 659 F.Supp. 1103, 1107 (D.D.C.1986) (*quoting* 14 W. Jaeger, *Williston on Contracts* § 1711 at 857 (3d ed. 1972)). No "proceeds" are at stake in the present case. This is an action for injunctive, not monetary, relief, so champerty does not lie.

### III. CONCLUSION

Because none of defendants' various theories persuades this court that defendants are entitled to fees and costs incurred in this action, defendants' petition in this case and in the three nearly identical cases shall be denied.

SO ORDERED.

### ORDER

This case comes before this court on defendants' petition for an award of attorney's fees and costs under 42 U.S.C. § 2000a–3(b) and other statutory and common law grounds. For the reasons stated in the accompanying memorandum opinion, defendants' petition is hereby denied.

SO ORDERED.