**Thomas L. DAVIS, et al., Plaintiffs,**

v.

**The Honorable Thomas C. CRUSH, et al.**

**No. C–1–86–0660.**

United States District Court, S.D. Ohio.

March 19, 1987.

James Condit, Cincinnati, Ohio, Stephen McMurtry, Covington, Ky., Charles Lester, Jr., Ft. Thomas, Ky., for plaintiffs.

Edward Goldman, Robert Pitcairn, Jr., Roger Friedmann, James Helmer, Cincinnati, Ohio, for defendants.

ORDER

CARL B. RUBIN, Chief Judge.

This matter is before the Court on two motions for an award of attorney fees, one filed by Defendant Timothy S. Black (doc. 22) and one filed on behalf of Defendants Planned Parenthood of Cincinnati, Inc., Robert Hatfield and Alphonse A. Gerhardstein (doc. 23). Attorney fees are sought both pursuant to 42 U.S.C. § 1988 [1] and as sanctions under Rule 11, Fed.R.Civ.P. [2] De-

---

**1.** 42 U.S.C. § 1988 provides in part as follows:

In any action or proceeding to enforce a provision of §§ 1981, 1982, 1983, 1985 and 1986 of this Title ... the Court in its discretion may allow the prevailing party other than the United States a reasonable attorney's fee as part of the costs.

**2.** Rule 11 provides in part as follows:

... The signature of an attorney or party constitutes a certificate by him that he has

fendants The Honorable Thomas C. Crush, Lincoln Stokes and the Board of County Commissioners of Hamilton County, Ohio have not requested attorney fees.

This matter is of sufficient complexity that some background information may be appropriate. This controversy grows out of an effort by persons, including plaintiffs herein, to interfere with the operation of an abortion clinic in the City of Cincinnati. The litigation commenced in the Common Pleas Court of Hamilton County, Ohio and resulted in an injunction granted by The Honorable Thomas C. Crush, Judge of the Court of Common Pleas of Hamilton County, Ohio limiting the picketing of such clinic. The issuance of the injunction did not terminate the dispute, it simply removed the locale thereof from the streets of Cincinnati to a Common Pleas courtroom. This action was filed July 23, 1986, in an effort to remove the dispute to the United States District Court for the Southern District of Ohio. The assertions of Plaintiffs as they related at least to Defendants Crush, Stokes and the Board of County Commissioners were devoid of any judicial precedent or logic. On August 13, 1986 this Court dismissed the action as meritless. *See* 646 F.Supp. 1192 (S.D.Ohio 1986). An appeal was taken to the United States Court of Appeals for the Sixth Circuit which was later dismissed by Plaintiffs.

While the merits of the dispute between the competing parties was never before this Court, the application for fees, however, does bring the background into focus, particularly as it relates to a consideration of Rule 11, Fed.R.Civ.P.

The issue of abortion is among the most volatile that confronts our society at this time. Partisans on both sides have become so involved that emotions rather than calm judgment dictated activities that followed. The Court will take judicial notice that this controversy in Cincinnati has generated violence, physical confrontation, harassment and other conduct that a lawful and peaceful society cannot tolerate. The Court expresses no opinion as to the merits of the underlying conflict, but no court can ignore attempts to substitute street activities for lawful resolution of a dispute. Where shouts and menace and violence become the weapons of choice, the first casualty is an ordered society based upon laws and precedents and judicial determinations.

It is somewhat ironic to note that the situs of the original litigation was the Hamilton County Courthouse where the northern facade in the immortal words of Thomas Jefferson urges: "That the Commonwealth may have a government of laws and not of men."

If indeed a street quarrel has the potential to challenge the concept of a lawful and ordered society, then the conduct of the attorneys involved must be subject to careful scrutiny. There are few more honored concepts than that of "officer of the court". The more emotional a dispute becomes, the more urgent is the necessity for calm and reasoned counsel consistent with the legal underpinings of our society. It is in this context that Rule 11 must be examined and particularly the admonition against "any improper purpose such as to harass...." Attorneys must restrain the excessive zeal of their clients and not participate in harassing efforts at their behest. A lawyer is more than an ordinary member of society and more than just a "hired gun". However deeply held his own personal views may be, he must not encourage the activities of his clients when they begin to infringe on the constitutional rights of others, even though such rights are personally offensive.

The Court draws a distinction between the attorney fees sought by Timothy S. Black and Alphonse A. Gerhardstein and those sought by Planned Parenthood of Cincinnati, Inc. and Robert Hatfield. In this determination the Court will deal separately with those applications even though

---

read the pleadings, ... that to the best of his knowledge, information and belief formed after reasonable inquiry it is well-grounded in fact and is warranted by existing law or a good faith argument for the extension, modification or reversal of existing law and that it is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the costs of litigation....

Mr. Gerhardstein's application is part of the request of Defendant Planned Parenthood of Cincinnati, Inc. and Robert Hatfield.

The Court has been favored with substantial and comprehensive memoranda in favor of and in opposition to the award for attorney fees (docs. 19, 20, 22, 23, 29, 30, 31 and 32) in addition to oral argument by counsel on Friday, March 13, 1987.

### A. Attorney Fees—Timothy S. Black

The Court entertains substantial doubts regarding the propriety of making counsel a party defendant in a lawsuit. In the complaint herein Mr. Black was charged with activities which either did not occur or were within the ambit of duties that an attorney accepts upon representation. The complaint asserts impropriety in Mr. Black's meeting with the Sheriff of Hamilton County, with his presence at events on June 28, 1986, and with his notarizing of affidavits served on the Plaintiffs prior to their arrests. The latter two assertions are factually incorrect and were known to be so at or about the time the complaint was filed. In oral argument Plaintiffs' counsel admitted that Mr. Black did not notarize the affidavits and conceded further that Plaintiffs had no evidence that Mr. Black was present at the time of Plaintiffs' arrests on June 28, 1986. The Court can only conclude that "reasonable inquiry" as required by Rule 11 was not made in Mr. Black's case and by such failure Plaintiffs' counsel violated Rule 11.

### B. Attorney Fees—Alphonse A. Gerhardstein

The sole charge in the complaint against Mr. Gerhardstein may be found in paragraph 27 of the complaint where it is asserted that he met with Chief Deputy Sheriff Colonel Daniel Wolfangle and "devised a scheme for enforcing the Judge's order". Neither in oral argument nor in memorandum have Plaintiffs established any impropriety in such meeting. No evidence has been presented to the Court or even submitted that would indicate that Mr. Gerhardstein acted other than as a responsible and conscientious attorney. Predictably during oral argument Plaintiffs' counsel referred to the now famous phrase "chilling effect" [3]. "Chilling effect" works both ways. It is a chilling effect upon attorneys in general to require them to expend time and energy and money in defending themselves as litigants for services rendered as counsel.

### C. Attorney Fees—Planned Parenthood of Cincinnati, Inc. And Robert Hatfield

To a lesser extent the position outlined above likewise applies to Planned Parenthood, Inc. and Robert Hatfield. Although the Court has considered attorney fees as they relate to defendants who are likewise attorneys, it should not be assumed that Rule 11 is intended only to protect such attorneys. Upon examination it is clear that Rule 11 seeks to sanction either of two separate situations. There is an obligation upon an attorney to conduct a "reasonable inquiry" and likewise a prohibition against "harassment or unnecessary delay."

It is troubling to consider this litigation in its entirety when it becomes obvious that the Plaintiffs had at their disposal a number of remedies from Judge Crush's order of injunction without a resort to the United States District Court. There is first a right of appeal. There is a right to apply either to the District Court of Appeals of Ohio or the Supreme Court of Ohio for a Writ of Mandamus or for a Writ of Prohibition and there is as well the remedy of the filing an Affidavit of Bias or Prejudice which Plaintiffs in this action had utilized twice already unsuccessfully against Judge Crush. There is reason to believe that the selection of the United States District Court was in fact intended to harass. As this Court has previously noted, constitutional rights are not the exclusive province of the Federal Courts. *Davis v. Crush, supra* at 1194. Laws passed by the Congress of the United States do not become ineffective at the geographical boundaries of Hamilton County, Ohio. Plaintiffs' counsel likewise violated Rule 11 as it related to these defendants.

---

**3.** *Dombrowski v. Pfister*, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965).

The determination that a violation of Rule 11 has occurred does not end the matter. The United States Court of Appeals for the Sixth Circuit has discussed the obligations of a trial judge upon such finding in the recent case of *Albright v. Upjohn Co.*, 788 F.2d 1217 (6th Cir.1986). The Honorable John W. Peck, Senior Circuit Judge, writing for the majority points out that Rule 11 is directed to the principle of attorney responsibility and the enforcement thereof by the imposition of sanctions. The type of sanction is within the discretion of the District Court *Id.* at 1221 [4]; *Westmoreland v. CBS, Inc.*, 770 F.2d 1168, 1174 (D.C.Cir.1985).

Accordingly, this Court determines that there have been violations of Rule 11 [5] and that sanctions must be imposed upon all of Plaintiffs' counsel. Such counsel are directed to pay attorney fees for Defendant Timothy Black in the sum of One Thousand Dollars ($1,000.00); attorney fees for Defendant Alphonse Gerhardstein in the sum of One Thousand Dollars ($1,000.00) and attorney fees on behalf of Defendants Planned Parenthood of Cincinnati, Inc. and Robert Hatfield in the sum of Five Hundred Dollars ($500.00), for a total of Twenty-five Hundred Dollars ($2,500.00).

IT IS SO ORDERED.

---

**4.** It should be noted that *Albright* is devoid of any reference to *Northcross v. School Board of Memphis,* 611 F.2d 624 (6th Cir.1979) which establishes appropriate attorney fees by the multiplication of reasonable hours by a reasonable rate per hour. Since Judge Peck also wrote the opinion in *Northcross*, it may be assumed that the lack of reference was intentional and not an oversight.

**5.** There is language in the previous opinion of this Court which suggests that there has been a violation of 42 U.S.C. § 1988. That language,

however, was specifically limited to a consideration of the rights of Judge Crush. The Court entered the following Conclusions of Law:

F. Where a Judge has been sued because of a judicial decision, he is a 'prevailing party' in accordance with 42 U.S.C. § 1988.

G. Where such suit is groundless, unreasonable and without merit he is entitled to reasonable attorney fees. *Christenberg Garment Company v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648. *See Davis v. Crush, supra* at 1196.