**Robert Lee BUDRO**

v.

**BROWN & ROOT, INC.**

**Civ. A. No. B–85–1547–CA.**

United States District Court,
E.D. Texas,
Beaumont Division.

March 5, 1986.

Michael E. Shelton, Houston, Tex., for Budro.

Hubert Oxford III, Benckenstein, Oxford, Radford & Johnson, Beaumont, Tex., for Brown & Root, Inc.

## MEMORANDUM OPINION

COBB, District Judge.

On January 8, 1986, Robert Grossman, an attorney for the firm of Waldman, Smallwood and Grossman, filed a Motion for Leave to File Intervention on the basis of a contract between that firm and Robert Lee Budro. The apparent subject matter of that contract was to provide for a contingency fee for any settlement arising from Robert Budro's alleged accident of April 13, 1985.

The subject matter of the intervention applicant's motion is a contract between two residents of Texas which was entered into in Texas and which is solely governed by Texas law. As such, any cause of action based upon this contract should be tried by the courts of the State of Texas.

It is further noted that the contract has no relevance to the current subject matter of the case before the court and therefore would serve to complicate the issues herein. Further, it is possible that the issue arising from the contract will be entirely mooted by the verdict in this case.

The intervention applicants have not pleaded that they have an interest creating an intervention of right. The holding of this court is that there be no intervention permitted as this would only serve to complicate and delay the adjudication of the right of the original parties for the mere possibility of a benefit to the intervention applicants. The proper recourse is adjudication by the courts of Texas if and when the issue is ripe.