**NEW YORK NEWS INC. and Tribune Company, Plaintiffs,**

v.

**NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK, et al., Defendants.**

**No. 90–CIV–7669 (LJF).**

United States District Court, S.D. New York.

Oct. 3, 1991.

Norman Redlich, Marc Wolinsky and John Savarese, New York City, for plaintiffs.

Seymour M. Waldman, New York City and Linda Joseph, Long Island City, N.Y., for defendants.

Theodore W. Kheel, pro se.

## OPINION AND ORDER

FREEH, District Judge:

Mr. Theodore Kheel ("Kheel") seeks leave to intervene in this action for the sole purpose of moving for sanctions against plaintiffs' counsel. Since the requirements for intervention under Fed.R.Civ.P. 24 have not been satisfied, the request to intervene is denied. Moreover, the case has effectively been resolved, and intervention at this late date would cause delay and prejudice the parties.

## FACTS

During the 1990 labor dispute between *The New York Daily News* (the *"Daily News"*) and its labor unions, the paper's publisher, New York News Inc., and its parent company, the Tribune Company ("Tribune"), brought this action under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), claiming that defendants were conspiring to (1) coerce the paper into settling the ongoing strike under unfavorable terms; or (2) coerce Tribune into selling the *Daily News* to a group of investors with a financial interest in the unions. Without naming him as a defendant, plaintiffs alleged that Kheel, among other things, "embarked upon a plan and scheme to personally benefit from [the] campaign of violence and threats that he was condoning and facilitating." (Complaint ¶ 124).

On January 8, 1991, Kheel submitted a letter to the court, seeking leave to intervene for purposes of moving to strike all allegations against him. Before the court had responded to that request, the *Daily News* was sold, and the parties prepared to settle the action voluntarily. On May 29, 1991, Kheel revised his request to one for sanctions under Fed.R.Civ.P. 11. By order dated May 31, 1991, Judge Haight treated Kheel's second request as a renewed motion for leave to intervene and ordered the parties to brief the issue.

## DISCUSSION

Kheel seeks leave to intervene under both Fed.R.Civ.P. 24(a) and (b). Because Kheel cannot satisfy the requirements of either portion of the rule, intervention is denied.

█ As an initial matter, it should be noted that Kheel is not seeking to join this action as either a plaintiff or a defendant. Rather, as his moving papers make clear, Kheel wants to intervene solely for the purpose of bringing a Rule 11 motion for sanctions against plaintiffs' counsel. Un-

der the Federal Rules, however, once a motion for intervention has been granted, the intervenor is treated as if he or she were an original party. 7C Wright and Miller, Federal Practice and Procedure § 1920 at 488. As a result, the Federal Rules require potential intervenors to submit with their applications a proposed pleading, setting forth the claim sought to be pursued. Fed.R.Civ.P. 24(c). Kheel has not done so. While that procedural defect alone does not defeat Kheel's application, it is clear that the Federal Rules do not anticipate limited, "special status" intervenors. Thus, applications such as Kheel's are looked upon with disfavor. *See Kamerman v. Steinberg*, 681 F.Supp. 206, 211 (S.D.N.Y.1988) (denying application to intervene made for limited purpose of filing a motion to stay the federal proceedings).

■ In any event, Kheel has not satisfied the requirements for either intervention as of right or permissive intervention. Rule 24(a)(2) states that "anyone shall be permitted to intervene in an action ... when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest ..." Kheel's "interest" here is to protect his reputation by having plaintiffs' counsel sanctioned for having included in the complaint false allegations that Kheel participated in a criminal conspiracy. That reputational interest, although important to Kheel, who has rendered commendable public service to New York City over the years, is not related to the conspiracy alleged in the pleadings. *See Sierra Club v. United States Army Corps. of Engineers*, 709 F.2d 175, 176 (2d Cir.1983) (intervenor's interest in professional reputation not related to merits of underlying action). Moreover, disposition of this case will not impair Kheel's ability to protect his interests by other means, such as a separate defamation claim under state law. Accordingly, Kheel may not intervene as of right under Rule 24(a).

■ Similarly, Kheel has presented insufficient grounds for permissive intervention. Rule 24(b)(2) states that "[u]pon timely application anyone may be permitted to intervene in an action ... when an applicant's claim or defense and the main action have a question of law or fact in common." The Rule further states that in exercising its discretion whether to allow intervention, "the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties."

■ To the extent that Kheel's claim relies on proof that he did not engage in the conspiracy alleged, his claim here—that his reputation has been damaged by false allegations—does have a question of fact in common with the underlying cause of action. However, the parties in the main case are on the verge of voluntarily dismissing the action with prejudice. According to counsel at oral argument, dismissal will be entered as soon as certain releases are obtained. Permitting Kheel to intervene at this late date would likely delay the final settlement of the matter, and thus prejudice the original parties. Given that Kheel may seek relief elsewhere, we see no compelling reason to impose that delay and prejudice. Kheel's request for permissive intervention is also denied.[1]

SO ORDERED.

---

1. Kheel relies on *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990), in support of his claim that a motion for sanctions may be heard even after the original action has been voluntarily dismissed. However, in *Cooter & Gell*, an *original party* had brought the motion for sanctions, not a pro-

posed intervenor. 110 S.Ct. at 2452. If Kheel had been named as a defendant here, his motion for sanctions could go forward. But when a non-party seeks to intervene in a case solely in order to pursue a motion for sanctions, distinct issues are raised. That non-party must first

The other cases cited by Kheel are also distinguishable. In contrast to Kheel, the individuals seeking sanctions in both *Westmoreland v. CBS, Inc.*, 770 F.2d 1168 (D.C.Cir.1985), and *Coats v. Pierre*, 890 F.2d 728 (5th Cir.1989) were participants in the original action, even if they were not officially parties. *See Westmoreland*, 770 F.2d at 1172 (third party deponent); *Coats*, 890 F.2d at 734 (opposing counsel).