**NEW YORK NEWS INC. and Tribune Company, Plaintiffs,**

v.

**NEWSPAPER AND MAIL DELIVERERS' UNION OF NEW YORK, et al., Defendants.**

**No. 90–CIV–7669 (LJF).**

United States District Court, S.D. New York.

Oct. 28, 1991.

Norman Redlich, Marc Wolinsky, John Savarese, New York City, for plaintiffs.

Seymour M. Waldman, New York City, Linda Joseph, Long Island City, N.Y., Theodore W. Kheel, New York City (third party defendant), for defendants.

## OPINION AND ORDER

FREEH, District Judge.

On October 3, 1991, 139 F.R.D. 291, this Court denied Mr. Theodore Kheel's ("Kheel") motion to intervene in the above-captioned action on the grounds that Kheel had not satisfied the requirements for intervention set out in Fed.R.Civ.P. 24. Kheel now moves for reconsideration of that ruling pursuant to Fed.R.Civ.P. 60,[1] claiming that the Court "mistakenly applied Rule 24 in disregard of the central purpose of Rule 11." For the reasons stated below, Kheel's motion for reconsideration is denied.

## DISCUSSION

Whether raised under Rule 60 or Local Rule 3(j), the standard for granting a motion for reconsideration is strict in order demonstrate that intervention is appropriate under Fed.R.Civ.P. 24, which Kheel has not done.

1. Defendants assert that Kheel has relied on the wrong rule and must proceed pursuant to Local Rule 3(j), which governs motions for reargument in this district. Defendants are mistaken, however, in arguing that Fed.R.Civ.P. 60 cannot be the "vehicle for motions for reconsideration on grounds of judicial error." Under Rule 60, a party may seek relief from a "final judgment, order or proceeding" on the grounds that the court erred in its prior ruling. 11 Wright and Miller, Federal Practice & Procedure: Civil, § 2858 at 176–80. In this Circuit, an order denying intervention is final for purposes of appeal. *See Ionian Shipping Co. v. British Law Ins. Co.,* 426 F.2d 186, 189 (2d Cir.1970). Thus, Kheel may rely on Rule 60 to seek relief from the Court's prior order.

to avoid repetitive arguments on issues that have already been fully considered by the Court. Relief may be granted under Rule 60 only upon a showing of "exceptional circumstances." *Andrews v. Heinold Commodities,* 771 F.2d 184, 188 (7th Cir. 1985) (affirming district court's dismissal of complaint on jurisdictional grounds). Kheel has not demonstrated any such circumstances here.

 Similarly, under Local Rule 3(j), motions for reconsideration or reargument may be granted "only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision." *Park South Tenants Corp. v. 200 Central Park South Associates,* 754 F.Supp. 352, 354 (S.D.N.Y.1991) (*citing Caleb & Co. v. E.I. DuPont De Nemours & Co.,* 624 F.Supp. 747, 748 (S.D.N.Y.1985)), *aff'd,* 941 F.2d 112 (2d Cir. 1991).

In his motion for reconsideration, Kheel has not raised any factual matters or controlling case law that the Court did not already consider when ruling on his original motion to intervene. Contrary to Kheel's claims, the Court did not overlook the Supreme Court's decision in *Cooter & Gell v. Hartmarx,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); indeed, the Court specifically discussed that case in its opinion. (October 3, 1991 Order and Opinion at 5 n. 1). The Court is well-aware that the central purpose of Rule 11 is to "deter baseless filings in the District Court." *Cooter & Gell,* 110 S.Ct. at 2454. However, in this case, the goals sought to be achieved under Rule 11 must be weighed against the countervailing concerns of Rule 24, which seeks to avoid delay or prejudice to existing parties in an action. *See* Fed. R.Civ.P. 24(b) ("In exercising its discretion [under this Rule], the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.").

As stated in our earlier ruling, allowing Kheel to intervene at this late date would delay the settlement of the underlying action. Kheel has not raised any new arguments contradicting that conclusion or suggesting that the Court's earlier ruling was incorrect as a matter of law. Accordingly, Kheel's motion for reconsideration or reargument is denied.

SO ORDERED.

