**NEW YORK NEWS, INC. and Tribune Company, Plaintiffs–Appellees,**

**v.**

**Theodore W. KHEEL, Appellant,**

**Newspaper & Mail Deliverers' Union of New York and Vicinity, Allied Printing Trades Council of New York, Nicholas Bianca, Albert A. DePompeis, Jr., Joseph Diconstanzo, Thomas Eisenbraun, Charles Esposito, Luke Fox, Mark Goldstein, Robert Greenberg, Williams Heslin, Gary Karger, Russell Kenngott, Glen LaChance, Joseph Martin, Todd A. Morse, Dennis J. Parmigiani, Donald Roberts, Alfred Santiago, James V. Sassano, Roman P. Sendrowski, Charles Sparacino, III, John P. Vitello, John G. Zeoli and Vincent Zeoli, Defendants.**

**No. 1133, Docket 91–9185.**

United States Court of Appeals, Second Circuit.

Argued April 28, 1992.

Decided Aug. 11, 1992.

Theodore W. Kheel, pro se.

John F. Savarese, New York City (Norman Redlich, Herbert M. Wachtell, Marc Wolinsky, Scott E. Eckas, David M. Murphy, Wachtell, Lipton, Rosen & Katz, New York City, of counsel), for appellee Tribune Co.

Before: MESKILL, Chief Judge, TIMBERS and NEWMAN, Circuit Judges.

MESKILL, Chief Judge:

This appeal raises the issue whether a non-party may intervene in an action for the purpose of moving for Rule 11 sanc-

tions against parties to the action. Theodore W. Kheel, an attorney appearing *pro se,* appeals from orders of the United States District Court for the Southern District of New York, Freeh, *J.,* denying his motion to intervene for the purpose of requesting sanctions, 139 F.R.D. 291 (S.D.N.Y.1991), and denying his motion for reconsideration of the district court's prior order, 139 F.R.D. 294 (S.D.N.Y.1991). Kheel sought to impose sanctions on plaintiff Tribune Company (Tribune) and plaintiff's counsel for making allegedly baseless allegations in a complaint filed by them.

Kheel argues that the district court erred in denying his motions for intervention as of right and permissive intervention and in ruling that, as a non-party and non-participant, he lacked standing to move for Rule 11 sanctions.

We affirm.

## BACKGROUND

During the course of a bitter strike against the *New York Daily News* (*Daily News* ) by nine of the ten trade unions representing New York newspaper employees, plaintiffs New York News Inc. (the News), then-publisher of the *Daily News,* and Tribune, the News' parent company, commenced an action against defendants asking for damages and injunctive relief under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.,* and on various state law grounds. They named as defendants the Newspaper and Mail Deliverers' Union of New York and Vicinity (Drivers' Union), which was one of the News' striking unions, the Allied Printing Trades Council of New York State (Allied Council), which is the umbrella organization for the News' ten newspaper workers' unions, and a number of individual officials and members of the Drivers' Union. Kheel was not named as a defendant. The complaint alleged that defendants participated in a criminal conspiracy that had as its object either (1) to coerce the News into settling the ongoing strike on unfavorable terms that would require it to continue to employ undesirable workers and to compensate workers for unearned

overtime, or (2) to coerce Tribune into selling the News to a group of private investors with members of the unions representing the News' striking workers receiving a financial interest in the sale.

The complaint described defendants' participation in a "campaign of violence" directed against news dealers and advertisers in an effort to prevent the news dealers from selling the *Daily News* and advertisers from buying advertising space in the newspaper. Allegedly, the intended result of this campaign was to bring the News to the "verge of collapse." The complaint detailed various racketeering acts engaged in by defendants, such as conspiracy to commit extortion, attempted murder, arson, violence and extortionate threats of violence. The complaint also described the buyout plan in which Kheel, a non-party, allegedly participated.

Although Kheel was not named as a defendant, his name appeared throughout the complaint, particularly in the section alleging the buyout plan. According to the complaint, the Allied Council had acted as a spokesperson for the ten newspaper unions through its President, George McDonald, and its "purportedly unpaid advisor, Theodore W. Kheel," and had coordinated the negotiating strategies and strike-related activities of the unions.

The complaint alleged that as a part of and in furtherance of the unlawful plan defendants had sought to exploit the situation they had created through the campaign "for their personal benefit and the personal benefit of certain persons affiliated with them including Kheel." It alleged that within a week of the strike and the commencement of the violence

Kheel—operating behind a facade of respectability—embarked upon a plan and scheme to personally benefit from such campaign of violence and threats that he was condoning and facilitating. This plan and scheme envisioned utilizing the violence and threats to coerce the Tribune into selling the News to a group of unidentified private investors represented by him (and possibly including Kheel himself) and the unions.

The complaint proceeded to allege in detail Kheel's active participation in the unlawful buyout scheme through which defendants and others conspired to acquire an interest in the News through illegal means.

Kheel filed a motion to intervene for the purpose of moving under Rule 12(f) of the Federal Rules of Civil Procedure to strike from the complaint the allegations that referred to him. Kheel contended that these allegations had no basis in fact and that plaintiffs knew that the allegations had no basis in fact.

Before any action was taken on Kheel's motion, Tribune sold the *Daily News* to a subsidiary of Mirror Group plc, then a privately held company controlled by Robert Maxwell. The new owner reached new collective bargaining agreements with the nine striking *Daily News* unions. As part of these arrangements, the parties agreed to terminate the litigation underlying this appeal by signing reciprocal releases and stipulating to dismissal of the case with prejudice. The parties agreed "to refrain from all conduct inconsistent with the parties' intent of resolving all disputes arising out of the bargaining relationships that existed at the News."

Kheel requested that the district court treat his earlier motion as a motion for Rule 11 sanctions or, in the alternative, that the district court impose sanctions on its own initiative. Kheel suggested as an appropriate sanction that the district court order counsel and Tribune to make a public apology and to make a substantial contribution to the Legal Aid Society. The district court issued an order stating that it would treat Kheel's letter as a renewed motion to intervene under Rule 24 for the purpose of asserting a claim for Rule 11 sanctions against Tribune and one of the attorneys who had signed the complaint.

The district court denied Kheel's motion for intervention as of right because Kheel had not satisfied the requirements of Rule 24(a)(2), of the Federal Rules of Civil Procedure and denied permissive intervention because such intervention would have delayed resolution of the case and would have prejudiced the parties. In a footnote, the district court stated that when a non-party seeks to intervene in an action solely to pursue a motion for Rule 11 sanctions, the non-party must demonstrate that intervention is appropriate by satisfying the requirements of Rule 24. 139 F.R.D. at 293–94 n. 1. The district court also denied Kheel's motion for reconsideration of that ruling. 139 F.R.D. at 294–95. Kheel appeals from the denial of those motions.

## DISCUSSION

### 1. *Intervention*

■ Kheel contends that the district court erred in denying his motion to intervene for the purpose of seeking Rule 11 sanctions. We review the denial of both the motion for intervention as of right under Fed.R.Civ.P. 24(a) and the motion for permissive intervention under Fed.R.Civ.P. 24(b) for abuse of discretion. *See Washington Elec. v. Mass. Mun. Wholesale Elec.*, 922 F.2d 92, 96 (2d Cir.1990); *United States v. Hooker Chemicals & Plastics Corp.*, 749 F.2d 968, 990–91 (2d Cir.1984). Because a district court's order denying intervention is a final order, we have appellate jurisdiction. *See Hooker Chemicals & Plastics Corp.*, 749 F.2d at 990 n. 19; *Ionian Shipping Co. v. British Law Insurance Co.*, 426 F.2d 186, 189 (2d Cir.1970).

### a. Intervention as of Right

■ In order to intervene as of right under Fed.R.Civ.P. 24(a)(2), an applicant must (1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action. *See United States v. State of New York*, 820 F.2d 554, 556 (2d Cir.1987). "Failure to satisfy any one of these requirements is sufficient grounds to deny the application." *Id.* (citations omitted).

The district court held that Kheel had not satisfied the requirements of Rule 24(a)(2) because Kheel's interest in protecting his reputation was not related to the conspiracy alleged in the proceedings and because

disposition of the case would not impair Kheel's ability to protect his interest by other means, such as a defamation suit under state law. The district court also noted that Kheel was not seeking to join the action as a party and stated that the Federal Rules of Civil Procedure do not anticipate limited "special status" intervenors.

In his motion for reconsideration, Kheel argued that the district court in denying his motion to intervene mistakenly had applied Rule 24 in disregard of the central purpose of Rule 11. Kheel asserted that the district court erroneously had assumed that he had moved to intervene for the purpose of protecting his reputation. He explained that he did not seek to protect such an interest because Rule 11 was not designed to protect personal interests; rather, he sought to intervene in order to champion Rule 11's central purpose—to protect the judicial process against abuse through the filing of baseless papers.

On appeal, Kheel disclaims any reliance on his reputation as an interest protectable under Rule 24(a)(2). He claims instead that his motion for sanctions, when viewed in light of the aim and purpose of Rule 11 and the nature of a claim for Rule 11 sanctions, readily qualifies for intervention as of right. Kheel explains that he had personal knowledge that the complaint contained baseless allegations and asserts that as a member of the bar and an officer of the court he had an obligation to inform the court of this abuse of the judicial process.

In order to intervene as of right, a movant must possess "an interest relating to the property or transaction which is the subject of the action." Fed.R.Civ.P. 24(a)(2). This interest must "be direct, substantial, and legally protectable." *Washington Elec.*, 922 F.2d at 97 (citations omitted); *see also Donaldson v. United States*, 400 U.S. 517, 531, 91 S.Ct. 534, 542–43, 27 L.Ed.2d 580 (1971) (interest must be "significantly protectable"); *Restor–A–Dent Dental Laboratories v. Certified Alloy Products*, 725 F.2d 871, 874 (2d Cir.1984) (same).

■ Although Kheel's stated intention to protect the judicial system against abuse is commendable, Kheel has no legally protectable interest in moving for Rule 11 sanctions. The Federal Rules of Civil Procedure are procedural in nature and do not provide substantive rights. *See* Rules Enabling Act, 28 U.S.C. § 2072 ("The Supreme Court shall have the power to prescribe general rules of practice and procedure and rules of evidence" but "[s]uch rules shall not abridge, enlarge or modify any substantive right."). The goal of Rule 11 to deter baseless filings must be effectuated within the limits of the Rules Enabling Act's grant of authority. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393, 110 S.Ct. 2447, 2454, 110 L.Ed.2d 359 (1990). Because Kheel has no right to move for sanctions under Rule 11, Kheel's remote interest in a streamlined, abuse-free judicial system is not a "significantly protectable interest" within the meaning of Rule 24(a)(2). *Donaldson*, 400 U.S. at 531, 91 S.Ct. at 542–43.

■ Kheel also argues that he does not desire to intervene in the original action but instead seeks to intervene in a collateral Rule 11 proceeding. Kheel properly characterizes the Rule 11 inquiry as a determination of an issue collateral to the merits of the action. *See Cooter & Gell*, 496 U.S. at 396, 110 S.Ct. at 2456 ("[T]he imposition of a Rule 11 sanction is not a judgment on the merits of an action. Rather, it requires the determination of a collateral issue: whether the attorney has abused the judicial process, and, if so, what sanction would be appropriate."). Intervention under Rule 24(a)(2), however, "cannot be used as a means to inject collateral issues into an existing action;" *Washington Elec.*, 922 F.2d at 97 (citations omitted). Therefore, Rule 11 sanctions are an inappropriate interest in support of intervention as of right.

Accordingly, we reject Kheel's contention that a motion for Rule 11 sanctions based on personal knowledge of false allegations in a complaint concerning the movant is sufficient to satisfy the requirements of Rule 24(a)(2). Because Kheel does not

have a protectable interest in the action within the meaning of Rule 24(a)(2), the district court properly denied Kheel's motion to intervene as of right.

b. Permissive Intervention

■ Kheel also appeals from the denial of his motion for permissive intervention under Rule 24(b)(2). The district court has broad discretion to deny an applicant's motion for intervention under Rule 24(b)(2). *See H.L. Hayden Co. of New York v. Siemens Medical Systems,* 797 F.2d 85, 89 (2d Cir.1986). "In fact, 'a denial of permissive intervention has virtually never been reversed.' " *Id.* (quoting *Hooker Chemicals & Plastics Corp.,* 749 F.2d at 990 n. 19).

■ Under Rule 24(b)(2), an applicant may be permitted to intervene in an action "when an applicant's claim or defense and the main action have a question of law or fact in common." Fed.R.Civ.P. 24(b)(2). The district court ruled that Kheel's claim and the underlying cause of action had a common question of fact to the extent that Kheel's claim relied on proof that he did not engage in the conduct alleged in the complaint. 139 F.R.D. at 293. The district court then properly considered " 'whether the intervention [would] unduly delay or prejudice the adjudication of the rights of the original parties,' " as required by Fed. R.Civ.P. 24(b)(2), and concluded that it would. *Id.*

Even assuming that a motion for Rule 11 sanctions that contains an issue of fact common to the underlying action properly may form the basis for permissive intervention, we do not believe that the district court abused its broad discretion in denying Kheel's request to intervene. The parties had agreed to settle the suit and "to refrain from all conduct inconsistent with the parties' intent of resolving all disputes arising out of the bargaining relationships that existed at the News." In order to determine whether Rule 11 sanctions were appropriate the district court would have had to delve into the facts supporting the allegations in the complaint. This likely would have revived the disputed issues that the parties had agreed to put aside, and

continued an inquiry into an action that was voluntarily dismissed.

Moreover, in responding to the motion for sanctions plaintiffs likely would have had to argue the validity of the allegations in the complaint. Clearly this could have been construed as a violation of the settlement agreement as "conduct inconsistent with the parties' intent of resolving" the dispute.

Because prejudice to the parties could have been substantial, *see Farmland Dairies v. Commissioner of N.Y. Dep't of Agr.,* 847 F.2d 1038, 1044 (2d Cir.1988) (settlement would be jeopardized by intervention as of right because "[t]he interests prejudiced by intervention— ... [defendant's] interest in avoiding continuing litigation and a potential obligation to indemnify [codefendant] against [plaintiff's] damage claim—are clearly substantial"), the district court did not abuse its broad discretion in concluding that the rights of the parties to settle the suit weighed against permitting intervention.

2. *Standing*

Kheel contends that, regardless of whether he should have been permitted to intervene in the action or not, he had standing to move for Rule 11 sanctions as an aggrieved non-party and as the target of baseless allegations in the complaint. We disagree.

Rule 11 provides that all pleadings, motions and other papers must be signed by an attorney certifying that the signer has read the paper and

> that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Fed.R.Civ.P. 11. The Supreme Court has articulated that "the central purpose of Rule 11 is to deter baseless filings in the

district court and ... streamline the administration and procedure of the federal courts," *Cooter & Gell*, 496 U.S. at 393, 110 S.Ct. at 2454 (citation omitted), rather than "to reward parties who are victimized by litigation," *Business Guides v. Chromatic Communications Enterprises*, —— U.S. ——, 111 S.Ct. 922, 934, 112 L.Ed.2d 1140 (1991).

Rule 11 requires the imposition of sanctions whenever a violation of the Rule has occurred, even in the absence of a motion by an aggrieved party. *See* Fed.R.Civ.P. 11 ("If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, *shall* impose ... an appropriate sanction.") (emphasis added); *O'Malley v. New York City Transit Authority*, 896 F.2d 704, 709 (2d Cir.1990) (same); *see also* Vairo, *Rule 11: A Critical Analysis*, 118 F.R.D. 189, 193 (1988) (same).

The district court in the instant case did not consider whether sanctions were mandated under the circumstances even though Kheel's motion alerted it to the possibility that a Rule 11 violation had occurred upon the filing of the complaint. Although Rule 11 is mandatory on district courts, it does not necessarily follow that a non-party such as Kheel has standing to request Rule 11 sanctions and to complain about the district court's failure to consider whether to impose them.

Although the language of Rule 11 does not address the issue of who may move for sanctions, the language used in the Advisory Committee Notes indicates that it is the parties who should move for sanctions. The Advisory Committee Notes accompanying the 1983 amendments require that "[a] *party* seeking sanctions should give notice to the court and the offending party" and make explicit the court's authority to impose sanctions on its own motion "in order to overcome the traditional reluctance of courts to intervene unless requested by one of the *parties.*" Notes of Advisory Committee on Rules—1983 Amendment (emphasis added).

 We believe that as a general rule only parties to an action and certain other participants have standing to move for sanctions under Rule 11. *See Westlake North Property Owners v. Thousand Oaks*, 915 F.2d 1301, 1307 (9th Cir.1990) (movants lacked standing to move for Rule 11 sanctions because they were not parties to the action in the district court); *Port Drum Co. v. Umphrey*, 852 F.2d 148, 150–51 & nn. 2–3 (5th Cir.1988) (Rule 11 is designed to regulate proceedings among parties already before the district court in a particular action but non-party witness may be permitted to make a Rule 11 motion under certain circumstances). Accordingly, the district court properly held that Kheel as a non-party and a non-participant in the action could not move for sanctions unless he satisfied the intervention requirements of Rule 24.

 Kheel relies on *Westmoreland v. CBS*, 770 F.2d 1168 (D.C.Cir.1985), to support his argument that he has standing to request sanctions. In *Westmoreland*, the United States Court of Appeals for the District of Columbia Circuit permitted a non-party deposition witness to move under Rule 11 for costs and attorney's fees incurred in defending against a party's petition for a contempt order arising out of a deposition. While we need not determine whether we would permit a motion for sanctions under those circumstances, we observe that a non-party witness defending against a petition for civil contempt is in a position different from other non-parties. *Cf. Port Drum Co.*, 852 F.2d at 150–51 & nn. 2–3 (indicating that an exception to Rule 11's limitation to parties already in a case may exist in some instances, such as an appeal by a non-party from a civil contempt order). For example, a non-party witness can appeal from an adjudication of contempt and, in defending against a civil contempt citation, may raise matters in which it has a legitimate interest, such as the court's power to issue the order. *See United States Catholic Conference v. Abortion Rights Mobilization*, 487 U.S. 72, 76–77, 108 S.Ct. 2268, 2270–71, 101 L.Ed.2d 69 (1988). Moreover, in *Westmoreland*, the non-party witness was an involuntary participant in the action. *Westmoreland,*

770 F.2d at 1171, 1175. Kheel, by contrast, is not in such a unique position simply by virtue of his name having appeared in the complaint or through his unresponded-to motion to strike under Rule 12(f).

Kheel was not named as a defendant in the action as were the movants in *Greenberg v. Sala,* 822 F.2d 882 (9th Cir.1987), also relied on by Kheel. In *Greenberg,* the Ninth Circuit held that defendants who were named in a complaint, but not served, had standing to seek Rule 11 sanctions. *Id.* at 885. The court observed that even though defendants were not served with the complaint, the filing of the complaint caused them to incur costs and attorney's fees, they claimed "to have suffered additional damage" and "the filing of the complaint necessarily triggered the expenditure of court resources." *Id.* Again, without deciding whether we would have ruled the same way as the Ninth Circuit, we conclude that *Greenberg* does not advance Kheel's position, primarily because Kheel was not named as a defendant in the instant action. We do not believe that it is sufficient, as Kheel argues, that he could have been named as a defendant or that his name appeared in the complaint.

Kheel argues that, as a member of the bar and an officer of the court with personal knowledge of the falsity of the allegations in the complaint, he had a duty to move for sanctions to protect the integrity of the judicial process. While, as noted above, we applaud Kheel's concern for Rule 11's goal of deterring baseless filings in the district court, we are hesitant to permit non-parties to move for Rule 11 sanctions. We do not share Kheel's view that denying intervention for the sole purpose of moving for Rule 11 sanctions will enable Rule 11 violators to gain immunity from sanctions by omitting to name as a defendant a target of their baseless complaint. In most instances the parties have ample motivation to alert the court to violations of Rule 11 by their adversaries. Moreover, the district court also may impose sanctions on its own initiative.

Additionally, we fear that permitting a non-party to move for Rule 11 sanctions might fulfill critics' concerns that the rule will create unwieldy "'satellite litigation'" that will frustrate the rule's goal of "'more effective operation of the pleading regimen.'" *See* 5A Wright & Miller, *Federal Practice and Procedure* § 1332, at 29 (1990) (footnotes omitted).

The district court properly ruled that Kheel as a non-party and non-participant lacked standing to seek Rule 11 sanctions. Similarly, Kheel has no standing in this Court to complain of the district court's failure to impose Rule 11 sanctions on its own initiative.

## CONCLUSION

The district court did not abuse its discretion in denying Kheel's motions to intervene for the sole purpose of moving for Rule 11 sanctions. The district court properly held that Kheel, as a non-party, lacked standing to request Rule 11 sanctions. Kheel cannot appeal from the district court's failure to consider *sua sponte* whether the complaint was filed in violation of Rule 11.

The judgment of the district court is affirmed.