Barbedo "Johnny" **PALMER**
et al., Plaintiffs,

v.

E. Benjamin **NELSON** et al., Defendants.

v.

Mary Shawn **HEPBURN** et al., Objectors.

No. 4:CV93–3227.

United States District Court,
D. Nebraska.

Sept. 1, 1994.

Randal B. Brown, Shirley A. Mora James, A. Jocelyn Ritchie, W. Alston Reddy, Nebraska Advocacy Services, Inc., Rebecca M. Peterson, Lincoln, NE, Bruce G. Mason, Abrahamson, Mason Law Firm, Omaha, NE, for plaintiffs.

Charles E. Lowe, Royce N. Harper, Lynn A. Melson, Lisa L. Cabral, Alan E. Pedersen, Atty. Gen., Lincoln, NE, for defendants.

Steven D. Burns, Burns & Associates, Lincoln, NE, for objectors.

## MEMORANDUM and ORDER

PIESTER, United States Magistrate Judge.

Before the court is objectors' motion to intervene in this action. (Filing 69.) For the reasons discussed more fully below, I shall recommend that objectors' motion be denied.

## BACKGROUND

The original complaint in this action was filed July 12, 1993 by nineteen developmentally disabled individuals (by and through their legal guardians), and Nebraska Advocacy Services, Inc. (Filing 1.)[1] Generally, the complaint challenged the care and treatment these individuals were receiving in certain Nebraska care facilities. In the original complaint the plaintiffs sought class certification pursuant to *Fed.R.Civ.P.* 23. The plaintiffs defined the class as

all of those individuals within the State of Nebraska who have or will be diagnosed as having mental retardation or some other diagnosed developmental disability, and who, by virtue of their diagnosed mental retardation or developmental disability, have or will be placed or provided care and treatment [in certain of Nebraska's treatment facilities]

---

1. These nineteen original plaintiffs are: Barbedo Palmer, Todd Ernesti, Jeffrey Norris, Edward Beck, Pennie Church, Mary Perry, Glen Calkins, Jr., Amy Whitefoot, Miranda Wood, Elaine Marcus, Travis Ripa, Don Leach, Cory Marx, Kristy Marx, Lori Tyrrell, Lindsay Thornton, Harold Lutkehus II, John Doe and Jane Doe.

(*Id.* at 32.) The plaintiffs estimated the class to consist of approximately 4414 individuals. (*Id.*) Plaintiffs were later granted leave to file a first amended complaint, which they did October 1, 1993. (Filing 20.) This first amended complaint also sought class certification, as described above.[2]

On October 28, 1993 a motion was filed by thirteen disabled individuals (by and through their legal guardians) objecting to plaintiff's request for class certification. (Filing 22.)[3] These objectors, claiming to be members of plaintiff's proposed class, challenged the proposed class as failing to satisfy the elements of *Fed.R.Civ.P.* 23, and thus sought denial of the request for certification, as well as sought attorney fees and costs against plaintiffs. (*Id.* at 2.) Alternatively, the objectors requested that the court remove them and others similarly situated from the proposed class, strike any references to them and others similarly situated from plaintiff's complaint and proposed relief, and award attorneys fees. (*Id.* at 2–3.) The upshot of objectors' motion was that they believed they were receiving adequate care under the current system, as well as disagreement with the "philosophical premises" underlying plaintiffs' action.

Without being granted leave to do so plaintiffs filed a second amended complaint February 15, 1994. (Filing 33.) This second amended complaint again sought class certification, as described above. On February 24, 1994 a status conference was convened by the court. The objectors allege that during this conference "all parties agreed that Objectors could intervene and the Objectors were given time to file intervention papers in the case." (Objectors' Brief in Support of Intervention ("Objectors' Brief"), at 2.) The plaintiffs allege that they "did not agree to [objectors'] intervention". Rather, plaintiffs "did not object to [the] Court giving [objectors] time to make a motion to intervene...." (Plaintiffs' Brief in Opposition to Applicants' Motion and Brief to Intervene

(Plaintiffs' Brief), at 1.) The court's memorandum and order (filing 39) simply granted the objectors twenty days to file a motion to intervene. That memorandum and order also granted plaintiffs leave to file a second amended complaint (which had already been filed), as well as directed plaintiffs to file a separate class certification request and supporting brief before May 15, 1994 if they wished to maintain their certification request. (*See id.*)

On March 11, 1994 a telephonic hearing was held by the court. As a result of that hearing the court denied with prejudice plaintiffs' request for class certification, and granted plaintiffs until May 9, 1994 to file a third amended complaint. (*See* filing 45, at 1.) Additionally, the court dismissed as moot the objectors' motion challenging class certification, and granted objectors twenty days after the filing of the third amended complaint to file a motion to intervene if they still sought to do so.

Plaintiffs filed a third amended complaint June 6, 1994. (Filing 68.) However, this third amended complaint made no reference to plaintiffs Todd Ernesti, Miranda Wood, Travis Ripa, Lindsay Thornton, John Doe, Jane Doe, James Roe, Jean Roe or Nebraska Advocacy Services, Inc.[4] Objectors filed the present motion to intervene June 16, 1994. (Filing 69.)

On July 20, 1994 plaintiffs filed a motion to dismiss with prejudice Plaintiffs Todd Ernesti, Miranda Wood, Travis Ripa, Lindsay Thornton and Nebraska Advocacy Services, Inc. (Filing 77.) On August 19, 1994, the court denied this motion without prejudice pending resolution of the objectors' present motion to intervene. (Filing 81.)

Objectors allege that they seek to intervene in this case

> for two very limited purposes: 1) to defend against, and secure dismissal of, the claims of the Remaining Plaintiffs (Todd Ernesti, Miranda Wood, Travis Ripa, Lindsay

---

**2.** The first amended complaint also added plaintiffs James Roe and Jean Roe.

**3.** These individuals, who I will refer to as the "objectors," include: Mary Hepburn, John Bute, Janice Adam, Matthew Crawford, Deborah

Brown, Charley Norris, Katherine Choctaw, Rodney Hosek, Neal Neuhaus, Paula Lively, Linda Vanwie, Helen Kolacny and Cynthia O'Meara.

**4.** *See* notes 1 and 2 *supra.*

Thornton and Nebraska Advocacy Services, Inc., a Nebraska Corporation); and 2) to secure the recovery of attorney fees and costs incurred by [objectors] as a result of the filing of [this matter].

(Objectors' Brief, at 3.)

## DISCUSSION

■ Objectors first seek to intervene for the limited purpose of ensuring the dismissal of Plaintiffs Todd Ernesti, Miranda Wood, Travis Ripa, Lindsay Thornton and Nebraska Advocacy Services, Inc. As discussed above, Plaintiffs' Third Amended Complaint was not filed on behalf of these individuals (nor on the behalf of Plaintiffs John Doe, Jane Doe, James Roe or Jean Roe). Plaintiffs later requested that Plaintiffs Todd Ernesti, Miranda Wood, Travis Ripa, Lindsay Thornton and Nebraska Advocacy Services, Inc. be dismissed with prejudice, but the court denied the motion without prejudice pending resolution of this motion to intervene.

*NELR* 15.1 establishes the procedure to be followed when a party seeks to file an amended complaint. *NELR* 15.1 provides in part that

A party who moves for leave to amend a pleading shall attach to the motion an unsigned copy of the proposed amended pleading. Except as provided in these rules or by leave of court, the proposed amended complaint so submitted *shall be a complete pleading which, if allowed to be filed, shall supersede the pleading amended in all respects;* no portion of the prior pleading may be incorporated into the proposed amended pleading by reference.

*NELR* 15.1 (emphasis added).

The court's memorandum and order granting plaintiffs leave to file their Third Amended Complaint (filing 45) does not provide that that Third Amended Complaint would not be a "complete pleading" which would "supersede [the previous complaints] in all respects" under *NELR* 15.1. Accordingly, Plaintiffs' Third Amended Complaint supersedes any previous complaints, and Plaintiffs Todd Ernesti, Miranda Wood, Travis Ripa, Lindsay Thornton, Nebraska Advocacy Services, Inc., John Doe, Jane Doe, James Roe or Jean Roe are no longer parties to this action. Therefore, objectors' first basis for intervention is moot.

■ Objectors also seek to intervene for the limited purpose of recovering attorney fees and costs incurred as a result of this action, Rule 11 sanctions and funding from Nebraska Advocacy Services, Inc. (*See* Objectors' Brief, at 6–16.) Intervention is governed by *Fed.R.Civ.P.* 24, which provides in part:

(a) *Intervention of Right.* Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) *Permissive Intervention.* Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

It is unclear whether objectors are seeking intervention of right pursuant to *Fed.*

*R.Civ.P.* 24(a)(2) or permissive intervention pursuant to *Fed.R.Civ.P.* 24(b)(2).[5]

■■■ Intervention is a tool allowing a non-party to become involved in pending litigation where its interests may later be jeopardized. *See* James W. Moore et al., *Moore's Federal Practice* ¶ 24.02 (2d ed. 1985). "The history of intervention shows the development of a device by which the courts keep their processes from doing injury to third persons." *Id.* Thus, intervention necessarily focuses upon potential *future harm* to the non-party's interest in the subject matter of the pending litigation. *See generally, e.g., Pacific Mut. Life Ins. Co. v. American Nat. Bank & Trust Co. of Chicago,* 110 F.R.D. 272 (D.C.Ill.1986) (intervention of right proper for limited partners who had invested into a partnership for the purpose of developing a tract of land where that tract was the subject of a foreclosure action); *Purnell v. City of Akron,* 925 F.2d 941 (6th Cir.1991) (intervention of right proper for non-party claiming to be illegitimate issue of a decedent in a wrongful death action); *Little Rock School Dist. v. Pulaski Special School Dist. No. 1,* 738 F.2d 82 (8th Cir.1984) (intervention of right proper for teachers' organizations representing classroom teachers from three school districts with respect to the remedy phase of litigation seeking to consolidate the three districts in a desegregation case).[6]

■■■ While the nature and degree or likelihood of harm to a non-party's interest is unquestionably less when permissive intervention is sought, the analysis remains focused upon the *future* effect pending litigation will have on that interest—that is, a "real economic stake in the *outcome.*" *Textile Workers Union of America, CIO v. Allendale Co.,* 226 F.2d 765, 769 (C.A.D.C.1955) (emphasis added). *See generally, e.g., Venegas v. Skaggs,* 867 F.2d 527 (9th Cir.1989), *aff'd on other grounds sub nom.* 495 U.S. 82, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990) (permissive intervention by plaintiff's civil rights attorney proper for purposes of enforcing lien for attorney's fees on plaintiff's judgment; district court eventually ruled on reasonableness of the contingency arrangement, as well as the statutory entitlement to fees).

In the present case objectors identify no interest potentially jeopardized by the pending litigation, no "real economic stake in the outcome." Rather, objectors' basis for intervention is backwards-looking, essentially seeking reimbursement of attorney fees *already incurred* for having been "forced" to object to plaintiffs' initial efforts to secure class certification, as well as Rule 11 sanctions.[7] Objectors have failed to identify any other interest that might be impaired or impeded by the disposition of this action. Since plaintiffs' request for class certification has been denied with prejudice, the objectors no longer face any risk of being bound by a class judgment.

Moreover, even presuming that the issues of attorney fees reimbursement and Rule 11 sanctions are interests relating to the subject of this action within the meaning of Rule 24,

---

5. Objectors have cited to no statute of the United States conferring upon them an unconditional or conditional right to intervene so as to bring them within *Fed.R.Civ.P.* 24(a)(1) or (b)(1).

6. This future harm-oriented analysis is also evident from the three-part test used to determine whether intervention of right should be granted. Under that test, intervention of right is proper where: 1) the proposed intervenor has an interest in the subject matter of the action; 2) the interest may be impaired; and 3) the interest is not adequately represented by an existing party to the action. *Sierra Club v. Robertson,* 960 F.2d 83, 85 (8th Cir.1992) (citing *Little Rock School Dist. v. Pulaski Special School Dist. No. 1,* 738 F.2d 82 (8th Cir.1984)). The "impairment" element focuses upon potential future harm to the intervenor's interest in the subject matter of the pending litigation.

7. Contrary to objectors' assertion that they were required to defend themselves from this suit when they did (Objectors' Brief, at 7), objectors could have waited until the class certification issue was finally decided by the court. Objectors stress that it was clear on the face of Plaintiffs' First and Second complaints that plaintiffs could not represent nearly three-quarters of the class they sought to represent. (Objectors' Brief, at 10–11.) If the court recognized this "clear" inability to represent the class and denied class certification as a result, objectors would have lost nothing and spent no money on attorney fees objecting to the class. If the court granted class certification, objectors retained the option of opting out of the class. Thus, it was not necessary that objectors expend attorney fees and involve themselves in this litigation when they did.

there are no common questions of law or fact warranting permissive intervention. The issues raised in this case—the legality (both constitutional and statutory) of the care being received by certain developmentally disabled individuals in Nebraska—are clearly separate and distinct from the issues of attorney fees reimbursement and Rule 11 sanctions. *Cf. generally, e.g., People of State of Cal., ex rel., Van de Kamp v. Tahoe Regional Planning Agency,* 792 F.2d 779 (9th Cir. 1986) (landowners and public officials not entitled to permissive intervention in litigation challenging an agency's regional plan for achieving environmental goals; the legal and factual issues raised by proposed intervenors (that the agency was no longer legally constituted) were foreign to those presented in the litigation itself, viz., that the regional plan violated an interstate regional planning compact); *Budro v. Brown & Root, Inc.,* 109 F.R.D. 619 (E.D.Tex.1986) (attorney not entitled to permissive intervention in client's action against third party, on basis of contract between attorney's law firm and client providing for contingency fee for any settlement arising from client's alleged accident; any cause of action based upon contract between firm and client was solely governed by state law, the contract had no relevance to the current subject matter of action before federal district court, and the issue arising from contract could be entirely mooted by verdict in action); *see generally also New York News, Inc. v. Kheel,* 972 F.2d 482 (2nd Cir. 1992) (no basis for intervention of right or permissive intervention for purposes of requesting Rule 11 sanctions).[8]

Objectors have failed to identify any interest that might be harmed by a disposition of this action, nor have objectors identified common questions of law or fact within the meaning of Rule 24. Accordingly, objectors have failed to establish a justification for intervention of right or permissive intervention under Rule 24.[9] I shall therefore deny objectors' motion.

**IT THEREFORE HEREBY IS ORDERED** that objectors' motion to intervene in this action (filing 69) is denied.

---

8. With respect to the substantive issues in this case, objectors have repeatedly stressed the *lack* of typicality and commonality as between themselves and the plaintiffs. (*See* Objectors' Brief, at 12.)

9. Objectors' intervention argument concerning funding for Nebraska Advocacy Services ("NAS") (Objectors' Brief at 14–16) is unclear as an argument or as a basis for intervention under Rule 24. As I understand it, objectors appear to be arguing that because NAS has a duty to protect the legal interests of objectors, and because NAS at one point in this litigation pursued class certification status allegedly contrary to the interests of objectors, objectors (and "all other similarly situated persons") are entitled to funding from NAS to obtain "separate, adequate legal representation." (Objectors' Brief at 15–16.) First, it is unclear why the objectors need "separate, adequate legal representation" now that they are no longer involved in this litigation. Perhaps objectors feel that NAS pursued class certification foolishly or in bad faith, thereby calling into question its ability to adequately represent objectors and other similarly situated persons in the future. If so, such an argument is one for objectors' state and federal political representatives, or perhaps a separate lawsuit, but not as a basis for a motion to intervene in litigation no longer involving them.