**Earl TAYLOR, Appellant,**

v.

**CAPITAL CITY MORTGAGE CORP., et al., Appellees.**

**No. 93–CV–243.**

District of Columbia Court of Appeals.

Submitted Sept. 13, 1994.

Decided Oct. 3, 1994.

Lee H. Karlin and Richard Ira Lebovitz filed a brief for appellant.

Eric J. Sanne filed a brief for appellees.

Before SCHWELB and FARRELL, Associate Judges, and REILLY, Senior Judge.

SCHWELB, Associate Judge:

I.

This is an appeal from the denial by Judge Ellen S. Huvelle of a motion for costs and counsel fees filed by appellant Earl Taylor after he had prevailed in a pretrial discovery dispute over subpoenas. Judge Cheryl M. Long had granted Mr. Taylor's motion to quash separate subpoenas *duces tecum* directed to him and to his attorneys, Lee H. Karlin and Richard Ira Lebovitz, by appellee Capital City Mortgage Corporation. The subpoenas had sought to compel Taylor, Karlin and Lebovitz each to appear for deposition in the case of *Capital City Mortgage Corp. v. Perry,* Civ. No. CA91–14236, then pending in the Superior Court. Taylor, Karlin and Lebovitz were all non-parties in that suit.[1]

In support of the motion to quash, Mr. Taylor and his attorneys argued, *inter alia,* that Capital City was attempting, by means of these subpoenas, to circumvent a court order terminating discovery in *Taylor v. Lilienfield, et al.,* Civ. No. CA 91–6053 (Super.Ct.D.C.) (the underlying action). They also contended that "[b]ecause counsel for plaintiffs in the underlying action had no

---

**1.** Capital City filed a motion to dismiss the appeal, contending that no appeal may be taken from a discovery order. Taylor opposed the motion, contending that the order was appealable because he and his attorneys were non-parties. *See Westmoreland v. CBS, Inc.,* 248 U.S.App.D.C. 255, 257–59, 770 F.2d 1168, 1170–72 (1985). A motions division of this court denied the motion. Capital City has not raised the issue again in its brief and, in any event, we agree with the motions division.

involvement whatsoever with any of the factual circumstances at issue in either action, the interrogation of such litigation counsel under oath by opposing counsel is wholly offensive to attorney-client privilege, the work product doctrine, and the concept of an effective adversarial system." A footnote to their submission read as follows:

> It is ironic that counsel for Capital City ... [are] purporting to attempt to inquire into and contest the extent of the attorney's fees incurred in the prosecution of the underlying action by employing means which can only result in the accrual of substantial increased fees and costs.

Finally, in a reply memorandum responding to Capital City's opposition to the motion, counsel for Mr. Taylor alleged that the subpoenas *duces tecum* to the attorneys "were issued for the sole purpose of obtaining documents and information protected as privileged and as attorney work product."

On October 27, 1992, in a written order, Judge Cheryl M. Long granted the motion to quash the subpoenas to Mr. Taylor's counsel. She held that "the subpoenas *duces tecum* issued to attorneys Lee H. Karlin and Richard Ira Lebovitz were improper and, at best, premature." She added that "[f]or *all of the reasons cited by the lawyers* in their Motion to Quash, the [c]ourt is satisfied that their motion is meritorious." (Emphasis added). The judge also granted the motion to quash the subpoena to Mr. Taylor, but did so without prejudice to a more detailed showing as to why such a deposition would be necessary.[2]

On November 17, 1992, Taylor filed a motion for costs and counsel fees. He invoked Rules 11, 26 and 37 of the Superior Court's Rules of Civil Procedure. He argued, in particular, that Rule 26(c) of those Rules makes Rule 37 applicable to a motion for a protective order, and that Rule 37(a)(4), by its terms, makes an award of costs and counsel fees obligatory "unless the Court finds that the opposition to the motion was substantially justified or that other circumstances make an award of expenses unjust."

On December 7, 1992, Capital City filed an opposition to the motion which contained a good deal of tendentious rhetoric,[3] but in which (prior) counsel did not challenge the applicability of Rules 26(c) and 37(a)(4). Rather, Capital City insisted that its "attempt to take discovery" was "substantially justified" (the language of Rule 37(a)(4)) and not "without a basis in law or a good faith extension of law" (the language of Rule 11).

On February 14, 1993, Judge Huvelle, who had "inherited" Judge Long's calendar, issued a brief order in which she denied the motion. She made no findings and provided no explanation of her disposition of the motion. This appeal followed.

## II.

On appeal, Mr. Taylor contends that Judge Huvelle committed "reversible error by failing to make findings of fact and conclusions of law with respect to the motion for sanctions." He also claims that, on the merits, the judge abused her discretion in declining to award costs and counsel fees. With respect to his first contention, we agree that, on the present record, a more informative explanation was required as to the basis for the denial of the motion. We do not reach the merits.

Judge Long granted Mr. Taylor's motion to quash the subpoena directed to his attorneys because that motion was meritorious

---

**2.** It appears that Mr. Taylor was gravely ill and that counsel for Capital City apprehended that he might die before his testimony was memorialized.

**3.** The characterizations in Capital City's opposition of Mr. Taylor's counsel and their works included, among others, the following: "despicable," "shameful," "obviously inflated and improper attorney fee claims," "double billing," "greed and avarice," "sophomoric gamesmanship" and "shocking."

The displeasure of Capital City's former counsel was precipitated in some measure by the fact that Mr. Taylor's attorneys moved to quash the deposition subpoena for Mr. Taylor, in part, on the ground that it required him to appear in Virginia, even though counsel for Capital City had offered, in writing, to depose Mr. Taylor at a time and place convenient to him. Neither Capital City's epithets nor the alleged hyper-technicality of Mr. Taylor's attorneys contributed to the prospects of a reasonable resolution of this controversy.

"for all the reasons cited by [Taylor's] lawyers in the motion to quash." On its face, her order validates Mr. Taylor's contention that the subpoenas were designed to circumvent an order issued in the underlying action and to intrude upon materials protected by the attorney-client privilege and the work product doctrine. If Judge Long intentionally adopted all of the arguments presented by Taylor and his attorneys—and, barring any indication to the contrary, we must take her at her word—it is less than obvious that Capital City's position was "substantially justified" or that the award of expenses would be unjust. *See* Super.Ct.Civ.R. 37(a)(4). Under these circumstances, we believe that the trial court is obligated to provide a reasoned basis for its decision, so that this court can review the order in a meaningful manner. *Cf. King v. King*, 579 A.2d 659, 666 (D.C.1990); *Stansel v. American Security Bank*, 547 A.2d 990, 996 (D.C.1988), *cert. denied*, 490 U.S. 1021, 109 S.Ct. 1746, 104 L.Ed.2d 183 (1989); *see also Simpson v. District of Columbia Office of Human Rights*, 597 A.2d 392, 395 n. 5 (D.C.1991). Here, as in *King* and *Stansel*, we are unable to discern from the record the basis for the court's ruling.

Capital City, which is represented by new counsel on appeal, now argues that Rules 26 and 37 are inapplicable, and that Super.Ct.Civ.R. 45 "exclusively governs the issuance, modification and quashing of subpoenas." Capital City made no such contention in the trial court. Although this court may affirm the decision below upon any ground, provided that the appellant has had a reasonable opportunity to meet it, *see Sheetz v. District of Columbia*, 629 A.2d 515, 519 n. 5 (D.C.1993), we believe that it would, at the very least, be premature to do so in this case without being apprised of the trial court's reasoning.[4] Accordingly, we vacate the order denying the motion for sanctions and remand the case to the trial court[5] for further proceedings consistent with this opinion.

*So ordered.*

FARRELL, Associate Judge, concurring:

Although I do not oppose a remand, it will take only a brief statement of reasons to satisfy me that the judge did not abuse her discretion—our conceded standard of review—in denying the motion for costs and attorney's fees. Assuming Rules 26(c) and 37(a)(4) provide sanctions for the issuance of an improper subpoena, the gravamen of Judge Long's order quashing the subpoena to depose the attorneys was that it was premature, not that it would be unfounded once "the underlying case is concluded." As to the subpoena to depose Taylor, the judge saw no "permanent bar to any *de bene esse* deposition in the instant case," requiring Capital City only "to proffer more specifically why another deposition must be taken at this time." That reasoning does not sound like a conclusion that the subpoenas were a device to circumvent discovery limitations or a claim of privilege, or to harass a witness or another party.

---

4. We do not preclude the trial court, in the exercise of its discretion, from entertaining, on remand, the belated contention that Rule 45 governs this case, provided that Taylor and his attorneys are accorded the opportunity to reply.

5. Judge Farrell suggests in his concurring opinion that "the gravamen of Judge Long's order quashing the subpoena to depose the attorneys was that it was premature...." Given Judge Long's apparent acceptance of all of the arguments in Mr. Taylor's motion, however, and in light of her statement that the subpoenas to counsel were both premature *and* improper, it may be appropriate to recertify this case, on remand, to Judge Long, who is in the best position to construe her own order.